**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **TERI RENE EDWARDS** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **AMAZON LOGISTICS, INC** | § | |
| **AMAZON.COM SERVICES, LLC** | § | **CIVIL ACTION NO. 4:23-cv-02037** |
| **AMAZON.COM INC** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

<u>**DEFENDANTS' MOTION TO COMPEL ARBITRATION
AND STAY ACTION PENDING ARBITRATION**</u>

*Of Counsel:*

Warren T. McCollum
Texas Bar No. 24013127
Fred S. Wilson
Texas Bar No. 00788687
FENLEY & BATE, LLP
P.O. Box 450
Lufkin, Texas 75902-0450
936.634.3346 (Telephone)
936.639.5874 (Fax)
wmccollum@fenley-bate.com
fwilson@feneley-bate.com
ATTORNEYS FOR DEFENDANTS
AMAZON.COM SERVICES, LLC.
AMAZON LOGISTICS, INC.
AMAZON.COM, INC.

TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................... 1

II.   STATEMENT OF THE ISSUES .............................................................. 2

III.   SUMMARY OF THE ARGUMENT ........................................................ 3

IV.   STATEMENT OF THE NATURE & STAGE OF THE PROCEEDING ....................... 3

V.   BACKGROUND FACTS .......................................................................... 4

   A.   Amazon's Onboarding Required Plaintiff Acknowledgment And
        Acceptance of Binding Arbitration Under The Mutual Agreement To
        Arbitrate .......................................................................................... 4

   B.   The Mutual Agreement to Arbitrate Expressly Provides that Binding
        Arbitration is The Sole Means To Resolve Plaintiffs' Claims .............................. 7

VI.   THE COURT SHOULD REMAND THE CASE TO ARBITRATION ............................. 9

   A.   The Mutual Agreement To Arbitrate Is Covered By The Federal
        Arbitration Act .................................................................................. 9

   B.   Amazon's Mutual Agreement To Arbitrate Contains A Delegation Clause. .... ...10

   C.   Amazon's Agreement To Arbitrate Claims Is Valid And Enforceable ...............11

      1.   Amazon Unequivocally Notified The Plaintiff Of The Agreement..........13

      2.   Plaintiff Manifested Her Acceptance Of The Agreement With Her
           Beginning Employment With Amazon....................................................14

      3.   Plaintiff Affirmatively And Definitively Accepted Amazon's
           Agreement Via Her Electronic Acknowledgement .................................15

      4.   The Agreement Applies To All Defendants In This Action ....................17

VII.   CONCLUSION AND REQUEST FOR RELIEF ...........................................................18

T<small>ABLE OF</small> A<small>UTHORITIES</small>

P<small>AGE</small>

## Cases

*In re 24R, Inc.*,
  324 S.W.3d 564, 466 (Tex. 2010)..........................................................................11

*Allied-Bruce Terminix Companies v. Dobson*,
  513 U.S. 265, 273-274 (1995) ............................................................................2, 9

*AT&T Mobility, LLC v. Concepcion*,
  131 S. Ct. 1740, 1745 (2011) ................................................................................9

*Buckeye Check Cashing, Inc. v. Cardegna*,
  546 U.S. 440, 442-443 (2006) ..............................................................................10

*In re Capco Energy, Inc.*,
  669 F.3d 274, 279-280 (5th Cir. 2012) ..................................................................2

*Citizens Bank v. Alafabco, Inc.*,
  539 U.S. 52, 56 (2003)............................................................................................9

*Daily Instruments Corp. v. Heidt*,
  998 F. Supp. 2d 553, 566 (S.D. Tex. 2014), *appeal dismissed* (Sept. 11, 2014)....................14

*In re Dallas Peterbilt, Ltd.*,
  196 S.W.3d 161-163 (Tex. 2006) ...............................................................12, 13, 14

*Dean Witter Reynolds Inc. v. Byrd*,
  470 U.S. 213 (U.S. 1985).......................................................................................10

*In re Dillard Dep't Stores, Inc.*,
  198 S.W.3d 778 (Tex. 2006).........................................................................12, 14, 15

*Dyson v. Stuart Petroleum Testers, Inc.*,
  308 F.R.D. 510, 517 (W.D. Tex. 2015) .................................................................15

*Edwards v. Doordash, Inc.*,
  888 F.3d 738, 744 (5th Cir. 2018) .........................................................................11

*First Options of Chicago, Inc. v. Kaplan*,
  514 U.S. 938, 944 (1995)....................................................................................2, 11

*Firstlight Fed. Credit Union v. Loya*,
  478 S.W.3d 157, 168 (Tex.App.—El Paso 2015, no pet.)......................................16

*In re Halliburton Co.*,
  80 S.W.3d 556, 558 (Tex. 2002)...............................................................12, 13, 14

TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Howsam v. Dean Witter Reynolds.,*
    537 U.S. at 79, 83-84 (2002).................................................................................2, 3

*Jody James Farms, JV v. Altman Grp., Inc.,*
    547 S.W.3d 624, 633 (Tex. 2018)................................................................................2

*Johnson v. Trugreen Ltd. P'ship,*
    No. A-12-CV-166-LY, 2013 WL 12120460 (W.D. Tex. May 21, 2013) ........................12, 13

*Kubala v. Supreme Prod. Servs., Inc.,*
    830 F. 3d 199, 202 (5th Cir. 2016) ...........................................................................2, 1

*Marsh v. First USA Bank, N.A.,*
    103 F.Supp.2d 909, 926 (N.D. Tex. 2000) ..............................................................10

*May v. Higbee Co.,*
    372 F.3d 757, 764 (5th Cir. 2004) ...........................................................................14

*Momentis U.S. Corp. v. Weisfield,*
    2014 WL 3700697 (Tex. App.—Dallas [5th Dist.] 2005, no pet.).........................16

*Moses H Cone Mem'l Hosp.,*
    460 U.S. 1, 24-25 (1983) ...........................................................................................9

*In re Nexion Health at Humble,*
    173 S.W.3d 67, 69 (Tex. 2005)...................................................................................9

*Perez v. Lemarroy,*
    592 F. Supp. 2d 924, 930 (S.D. Tex. 2008) .............................................................15

*Perry v. Thomas,*
    482 U.S. 483, 489 (1987)............................................................................................9

*Robertson v. Fiesta Rest. Grp., Inc.,*
    No. 3:17-CV-00384, 2018 WL 3130677 (S.D. Tex. June 8, 2018)...........................11, 12, 14

*Rodgers-Glass v. Conroe Hosp. Corp.,*
    No. CIV.A. H-14-3300, 2015 WL 4190598 (S.D. Tex. July 10, 2015) .................11

*Thick v. Dolgencorp of Tex., Inc.,*
    No. 4:16-CV-00733, 2017 WL 108297 (E.D. Tex. Jan. 11, 2017) ........................16

*United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,*
    363 U.S. 574, 582-583 (1960) ...................................................................................9

TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Wheeler v. Dollar Tree Stores, Inc.*,
   No. 6:17-CV-00847, 2017 WL 6813258 (W.D. La. Dec. 14, 2017), adopted,
   No. CV 17-0847, 2018 WL 298785 (W.D. La. Jan. 4, 2018)................................................16

*Zorilla v. Uber Techs., Inc.*,
   No. 4:16-CV-615, 2017 WL 3278061 (S.D. Tex. Mar. 16, 2017) .........................................15

**Statutes**

9 U.S.C.A. § 2 .......................................................................................................................9

9 U.S.C. § 3 ........................................................................................................................10

Texas Business & Commerce Code § 322.007............................................................15

Federal Arbitration Act ...........................................................................................2, 9, 10, 15

**Other Authorities**

Fed. R. Civ. P. 5(d)(3)............................................................................................................15

Local Rules Rule 5.1..............................................................................................................15

Commerce Clause of the United States Constitution...................................................9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TERI RENE EDWARDS** | § | |
| | § | |
| **VS.** | § | **CASE NO. 4:23-CV-2037** |
| | § | |
| | § | |
| **AMAZON LOGISTICS, INC** | § | |
| **AMAZON.COM SERVICES, LLC.** | § | |
| **AMAZON.COM INC** | § | |

<u>**DEFENDANTS' MOTION TO COMPEL ARBITRATION**</u>
<u>**AND STAY ACTION PENDING ARBITRATION**</u>

Defendants, **AMAZON LOGISTICS, INC, AMAZON.COM SERVICES, LLC &**
**AMAZON.COM, INC** ("Defendants" or "Amazon") and hereby move for an order staying this
proceeding and compelling named Plaintiff **TERI RENE EDWARDS** ("Plaintiff" or "Edwards")
to arbitrate the claims raised in her Original Petition ("Complaint") pursuant to the valid agreement
to arbitrate between the parties. Specifically, Amazon's arbitration agreement mandates arbitration
of all claims arising from Plaintiff's employment with Amazon.

**I.**
<u>**INTRODUCTION**</u>

On May 5, 2023, Plaintiff filed suit in the 333rd Judicial District Court of Harris County
alleging she sustained injuries on June 25, 2021 while employed with Defendant. (Ex A to
Defendant's Notice of Removal, Section VI). Plaintiff brings an action against Defendant based
upon common law negligence (Doc #1, Ex. A to Defendant's Notice of Removal, Section VII).
However, Plaintiff acknowledged and agreed to binding arbitration as the sole means of resolution
of any claims arising out of her employment with Amazon.

The terms of Amazon's arbitration agreement include a clause delegating exclusive
authority to the arbitrator to decide issues arbitrarily. On April 16, 2020, Plaintiff, acknowledged

1

the agreement to arbitrate as part of her onboarding process as a new hire. (Ex. 1, Arbitration Acknowledgement) Plaintiff began work with Defendant on April 26, 2020 after having acknowledged the arbitration agreement. (Ex. 2, April 14, 2020 offer letter). Thus, for all time periods relevant to the Petition, Plaintiff was covered by a valid arbitration agreement subject to the FAA. Accordingly, the Court should stay these proceedings and compel Plaintiff to arbitrate her claims.

## II.

## STATEMENT OF THE ISSUES

**A.** Whether the arbitration agreement is covered by the Federal Arbitration Act (FAA)

> The FAA applies to all transactions involving commerce. *Allied-Bruce Terminix Companies v. Dobson,* 513 U.S. 265, 273-74 (1995)

**B.** Whether there is an agreement to arbitrate between the Plaintiff and Defendants.

> The court examines whether an agreement exists through application of Texas Contract law. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995) & *In re Capco Energy, Inc.*, 669 F.3d 274, 279–80 (5th Cir. 2012).

**C.** Whether there is a delegation clause within the arbitration agreement that delegates issues related to who the arbitration agreement applies and whether the claims asserted by the Plaintiff are covered by the arbitration agreement.

> The court applies state law to determine whether the agreement expressed an intent to delegate whether a claim is arbitrable and who the agreement applies. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995), *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 633 (Tex. 2018)

**D.** If there is not a delegation clause, whether the arbitration agreement applies to the Defendants.

> Whether the agreement applies to the parties is considered a gateway issue whereby the agreement and the complaint are examined. *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83-84 (2002).

**E.**     If there is not a delegation clause, whether the arbitration agreement applies to the causes of action asserted by the Plaintiff.

> Whether the agreement applies to the claims asserted by the parties is considered a gateway issue whereby the agreement and the pleadings are examined.  *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83-84 (2002).

## III.

## <u>SUMMARY OF ARGUMENT</u>

The Plaintiff acknowledged the application of an arbitration agreement to disputes with Defendants when she began employment with Defendant Amazon.com Services, LLC in April 2020.  The agreement has a delegation clause which calls for the arbitrator to determine the agreement's applicability to claims.  (Ex 4, Pg. 2, ¶ 6c). If the delegation clause does not apply, the arbitration agreement still applies to the Plaintiff's claims for personal injuries arising out of an alleged June 14, 2021 workplace incident and the Defendants sued in her complaint are covered by the mutual agreement to arbitrate.

## IV.

## <u>STATEMENT OF THE NATURE & STAGE OF THE PROCEEDING</u>

This is a personal injury action brought by Teri Edwards against Amazon.com Services, LLC, her employer and sister company, Amazon Logistics, LLC and parent company, Amazon.com, Inc.  The lawsuit was originally brought on May 5, 2023 in the 333rd District Court of Harris County and removed to this court on June 2, 2023 (DOC #1).  This court issued an initial pre-trial conference order on June 5, 2023 calling for a pre-trial conference on October 11, 2023. The pre-trial conference occurred on October 11, 2023 and the court issued a scheduling order calling for a January 21, 2025 six day jury trial.  (Doc #10).

## V.

## BACKGROUND FACTS

**A.**     **Amazon's Onboarding Required Plaintiff Acknowledgment And Acceptance Of Binding Arbitration Under the Mutual Agreement to Arbitrate.**

As part of the onboarding process, Amazon Associates, including the Plaintiff, were provided with access to the summary plan description which contained the arbitration agreement. (Ex. 3, August 11 Declaration of Mark Brown) Plaintiff was required to acknowledge receipt of the summary plan description which includes "a mandatory company policy requiring certain **claims or disputes (that cannot otherwise be resolved between the Company and me) must be submitted to an arbitrator,** rather than a judge and jury in court."  (Ex. 1).  Plaintiff was employed as a Warehouse Associate at Amazon's UTX3 warehouse in Houston, Texas.  (Ex A, Notice of Removal ¶6.1) Teri Edwards was sent a link to her email address.  Once she clicks on the link, she is assigned a unique identifier and she creates a password.  In order to access the system where employment documents are displayed, she uses her unique identifier and password. Teri Edwards is the only person who can access these documents using her unique identifier and password short of her sharing the password with someone else. (Ex. 5, October 13, 2023 Declaration of Mark Brown).  On April 16, 2023, Teri Edwards reviewed and acknowledged the following documents (Ex. 5, A-I):

| Employment Document Title | Exhibit |
|---|---|
| Arbitration Acknowledgment | Exhibit 5A |
| Confidentiality and Invention Assignment Agreement | Exhibit 5B |
| Amazon Security Awareness Checklist for Fulfillment Center Employees | Exhibit 5C |
| Amazon Fulfillment Center Seasonal Attendance Policy | Exhibit 5D |

| Approved Time off Policy | Exhibit 5E |
|---|---|
| Your Amazon Access/ID Badge & Visitors | Exhibit 5F |
| Computer Use Policy | Exhibit 5G |
| Working Hours Policy Acknowledgment Form | Exhibit 5H |
| Policies & Procedures Acknowledgment Form | Exhibit 5I |

The employment documents were acknowledged through Defendant's system with many (Exhibits 5 C-I) showing an acknowledgment at the top of the page with the Teri Edwards email, date and time as shown below in Exhibit 5C:

Acknowledged by rene77546@yahoo.com (Teri Rene Edwards on 4/16/2020 7:34:34 PM)

The Amazon Security Awareness Checklist for Fulfillment Center Employees

Once the electronic acknowledgment of Exhibit A-I is completed by Teri Edwards and Defendant's other employees, the documents are stored electronically. Within the storage system, the documents cannot be modified and access is restricted to authorized employees. (Ex. 5).

Prior to her employment, Teri Edwards was provided access to the summary plan description which contained the arbitration agreement in an adobe pdf document. On April 16, 2020, she acknowledged the following:

## RECEIPT AND ARBITRATION ACKNOWLEDGEMENT

**RECEIPT OF MATERIALS.** By my signature below, I acknowledge that I have received and read (or had the opportunity to read or will read the plan on https://w.amazon.com/bin/view/Main/Risk_Management/Workers_Compensation/) the Benefits Schedule, Summary Plan Description (the "SPD") for the Employee Injury Benefit Plan, effective on the Effective Date specified in Item 8 of the Benefits Schedule.

**ARBITRATION.** I acknowledge that this SPD includes a mandatory company policy requiring that certain **claims or disputes (that cannot otherwise be resolved between the Company and me) must be submitted to an arbitrator**, rather than a judge and jury in court. I understand that by receiving this SPD and becoming employed (or continuing my employment) with the Company at any time on or after the Effective Date specified in Item 8 of the Benefits Schedule, I am accepting and agreeing to comply with these arbitration requirements. I understand that the Company is also accepting and agreeing to comply with these arbitration requirements. All covered claims brought by my spouse, children, parents, estate, successors and assigns are also subject to these arbitration requirements, and any decision of an arbitrator will be final and binding on such persons and the Company.



_____
Employee Signature

Apr 16, 2020

The signature reflects that she acknowledged having read or had the opportunity to read the summary plan description on April 16, 2020. She also acknowledges that the summary plan description contains an agreement which requires claims to be submitted to arbitration. Adobe Sign also indicates the document has not been modified since it was certified, no changes are permitted to the document, the signer's identity is valid and that the signing time is determined from the signer's computer clock. See below (Ex 3, Pg 2)



Plaintiff's signature is reflected above the line designated for Employee's Signature. (Ex. 3, Declaration of Brown). There is no question that Teri Edwards electronically acknowledged the presence of the arbitration agreement, had an opportunity to read the arbitration agreement along with multiple other employment documents on April 16, 2020.

**B.    The Mutual Agreement to Arbitrate Expressly Provides That Binding Arbitration Is The Sole Means To Resolve Plaintiffs' Claims.**

Through Amazon's onboarding process for new hires, Plaintiff acknowledged and agreed to the terms of the Mutual Agreement to Arbitrate. (Ex.1) On its face, the Mutual Agreement to Arbitrate requires binding arbitration of all claims arising out of Plaintiff's employment with Amazon. Section 5 of the Agreement, provides:

> 5.    **Arbitration is Mandatory for Covered Claims.**
>
> Covered Claims shall be exclusively resolved by binding arbitration. While Employee, Claimant, and Company retain all substantive legal rights and remedies under this Agreement, Employee, Claimant and Company are waiving all rights they may have with regard to trial, whether jury or non-jury, in state or federal court for any Covered Claim.

(Ex 4, Appx A, Pg. 1 Mutual Agreement to Arbitrate)

Section 6 of the Agreement further states:

6.      **Scope of Arbitration Agreement**.

    a.   **Claims Covered by This Agreement**.

        (i) This Agreement is mutual, covering all claims that Company or Employee/ Claimant may have which arise from: any injury suffered by Employee while in the Course and Scope of Employee's employment with Company, including but not limited to, claims for negligence, gross negligence, and all

claims for personal injuries, physical impairment, disfigurement, pain and suffering, mental anguish, wrongful death, survival actions, loss of consortium and/or services, medical and hospital expenses, expenses of transportation for medical treatment, expenses of drugs and medical appliances, emotional distress, exemplary or punitive damages and any other loss, detriment or claim of whatever kind and character
        (ii) This Agreement covers all Claims and causes of action arising under the federal and state employment laws. This includes, but is not limited to, claims under Title VII of the Civil Rights Act, the Fair Labor Standards Act, the Texas Commission on Human Rights Act, the Americans with Disability Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, as well as all common law claims, including those for discrimination, retaliation, harassment, tortious interference and wrongful discharge.
        (iii) Employee/ Claimant is also obligated to arbitrate any action against a current or former supervisor or other agent of Company in his or her individual capacity based upon any claim arising out of Employee's employment or termination from employment.

(Ex 4, Appx A, Pg 1, Mutual Agreement to Arbitrate)

Amazon's Mutual Agreement to Arbitrate expressly, and unequivocally, provides that binding

arbitration is the sole means to resolve Plaintiff's claims.

# VI.

## THE COURT SHOULD REMAND THE CASE TO ARBITRATION

**A.      The Mutual Agreement to Arbitrate Is Covered By The Federal Arbitration Act**

The FAA has been declared a liberal policy favoring the enforcement of arbitration agreements.  See *AT&T Mobility, LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011). The statute provides that "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2.

The FAA applies to all transactions "involving commerce."  *Id*.  The phrase "involving commerce" in the FAA is broadly interpreted to mean "affecting commerce," and the phrase signals a congressional intent to extend the FAA to the limits of the Commerce Clause power. *Allied-Bruce Terminix Companies v. Dobson,* 513 U.S. 265, 273-74 (1995); *Citizens Bank v. Alafabco, Inc.,* 539 U.S. 52, 56 (2003); *see also In re Nexion Health at Humble,* 173 S.W.3d 67, 69 (Tex. 2005) ("The FAA extends to any contract affecting commerce, as far as the Commerce Clause of the United States Constitution will reach.").

When applying the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H Cone Mem'l Hosp.,* 460 U.S. 1, 24-25 (1983); *see also Perry v. Thomas*, 482 U.S. 483, 489 (1987) (the FAA is a "congressional declaration of a liberal federal policy favoring arbitration agreements.") (emphasis added). Indeed, district courts must defer to arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute … doubts should be resolved in favor of coverage." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582-83 (1960).

Here, the Mutual Agreement to Arbitrate expressly provides that it is governed by the FAA which, on its own, is sufficient to bring the agreement within the purview of the FAA. *See Buckeye Check Cashing, Inc. v. Cardena*, 546 U.S. 440, 442-43 (2006). Paragraph 4 of the Agreement, provides: "The FAA governs all aspects of this Agreement, including conduct or the arbitration and all procedures following an arbitrator's award." (Ex 4, Appx A, Pg 1)

Under the FAA, federal courts are authorized to stay litigation until arbitration is conducted "in accordance with the terms of the [parties' arbitration] agreement." 9 U.S.C. § 3. Where, as here, there exists a valid, enforceable agreement to arbitrate applicable to Plaintiff's claims, a stay of judicial proceedings is appropriate pending arbitration. *Marsh v. First USA Bank, N.A.*, 103 F.Supp.2d 909,926 (N.D. Tex. 2000) (finding that 9 U.S.C. § 3 requires court to stay proceedings once it determines the issues raised in complaint are arbitrable). Accordingly, this Court should therefore stay this action and order Plaintiffs to arbitrate their claims against Amazon under the FAA.

## B.  Amazon's Mutual Agreement to Arbitrate Contains A Delegation Clause

When an arbitration agreement is found to exist that is governed by the FAA, "[b]y its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration ... [. ]" *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 218 (U.S. 1985). Further, the Agreement expressly reserves exclusive authority to the arbitrator, not the courts, to decide the arbitrability of the personal injury dispute in this action. (Ex. 4 App A, Pg. 2, ¶ 6c).

When, as here, an arbitration agreement contains a delegation clause, the court's requirement to determine the two gateway issues of validity and scope of the agreement, is truncated. "[T]he only question, after finding that there is in fact a valid agreement, is whether

the purported delegation clause is in fact a delegation clause." *Edwards v. Doordash, Inc.*, 888 F.3d 738, 744 (5th Cir. 2018) (*quoting Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016)). "If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases." *Id.* The preceding paragraph 6c is, in fact, a delegation clause based on its unambiguous language delegates authority to the arbitrator alone to decide issues of arbitrability. Accordingly, the sole issue remaining is whether Amazon's Agreement is valid, which it is.[1]

### C. Amazon's Agreement To Arbitrate Claims Is Valid And Enforceable

To determine whether a valid and enforceable agreement to arbitrate exists, the Agreement must be examined under Texas law on contract formation. *See, First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).[2] A "mutual agreement to arbitrate claims provides sufficient consideration to support an arbitration agreement." *Robertson v. Fiesta Rest. Grp., Inc.*, No. 3:17-CV-00384, 2018 WL 3130677, at *7 (S.D. Tex. June 8, 2018), *report and recommendation adopted*, No. 3:17-CV-00384 (S.D. Tex. June 26, 2018) (quoting *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010)); *see also Rodgers-Glass v. Conroe Hosp. Corp.*, No. CIV.A. H-14-3300, 2015 WL 4190598, at *5 (S.D. Tex. July 10, 2015) (citing the same).

---

[1] However, even without the delegation clause, the scope of Plaintiff's claims are still covered by the Mutual Agreement to Arbitrate. In deciding whether to compel arbitration, the district court is tasked with determining two "gateway" issues: (1) whether there was an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *See, Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83-84 (2002). Here, it is undeniable that the Agreement is a valid and enforceable agreement to arbitrate that expressly covers Plaintiff's claims. There can be no dispute that the Agreement covers Plaintiff's claims for negligence and her claims for personal injury. Section 6 of the Agreement provides that "This Agreement is mutual, covering all claims that Company or Employee/Claimant may have which arise from: any injury suffered by Employee while in the Course and Scope of Employee's employment with Company, including but not limited to, claims for negligence, gross negligence and all claims for personal injuries physical impairment, disfigurement, pain and suffering mental anguish…" (Ex. 4, pg. 1, ¶ 6a) Plaintiff's claims for alleged injuries and negligence which allegedly caused those injuries fall squarely within the scope of the Agreement.

[2] Under Texas law, "a binding contract requires '(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding.'" *In re Capco Energy, Inc.*, 669 F.3d 274, 279–80 (5th Cir. 2012). (quoting *Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex.App.1999)) (internal citations omitted).  Amazon's Agreement meets each of these criteria as is demonstrated by the foregoing analysis under the specific analytical framework applied to arbitration agreements by Texas and Fifth Circuit courts, *infra*.

The acknowledgement provides:

**RECEIPT OF MATERIALS.** By my signature below, I acknowledge that I have received and read (or had the opportunity to read or will read the plan on https://w.amazon.com/bin/view/Main/Risk_Management/Workers_Compensation/) the Benefits Schedule, Summary Plan Description (the "SPD") for the Employee Injury Benefit Plan, effective on the Effective Date specified in Item 8 of the Benefits Schedule.

**ARBITRATION.** I acknowledge that this SPD includes a mandatory company policy requiring that certain **claims or disputes (that cannot otherwise be resolved between the Company and me) must be submitted to an arbitrator**, rather than a judge and jury in court. I understand that by receiving this SPD and becoming employed (or continuing my employment) with the Company at any time on or after the Effective Date specified in Item 8 of the Benefits Schedule, I am accepting and agreeing to comply with these arbitration requirements. I understand that the Company is also accepting and agreeing to comply with these arbitration requirements. All covered claims brought by my spouse, children, parents, estate, successors and assigns are also subject to these arbitration requirements, and any decision of an arbitrator will be final and binding on such persons and the Company.

(Ex 1) Paragraph 2 of the agreement further provides actions by the Employee that will constitute acceptance of the agreement to arbitrate claims. Those methods include notice of the agreement prior to commencement of work and commencing work, which is what occurred with Ms. Edwards. The Agreement provides in paragraph 1 that it is a mutual agreement to arbitrate. (Ex 4, Appx A, Pg 1). Accordingly, the mutual promise in the Agreement to arbitrate all claims is sufficient consideration to support the agreement. *See, Robertson*, 2018 WL 3130677, at *7.

"Under well-settled Texas law, '[a]n employer may enforce an arbitration agreement entered into during an at-will employment relationship if the employee received notice of the employer's arbitration policy and accepted it.'" *Id*. at *4 (citing *In re Dallas Peterbilt, Ltd.*, 196 S.W.3d 161, 162 (Tex. 2006); *accord In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006); *In re Halliburton Co.*, 80 S.W.3d 566, 568 (Tex. 2002)); *see also Johnson v. Trugreen Ltd. P'ship*, No. A-12-CV-166-LY, 2013 WL 12120460, at *3 (W.D. Tex. May 21, 2013) (citing Texas cases). Amazon's records provide ample evidence that the Plaintiff (1) received unequivocal notice

of Amazon's Agreement, (2) manifested her acceptance of the Agreement by beginning employment, and (3) affirmatively and definitively accepted the Agreement via her electronic acknowledgement.

### 1.      Amazon unequivocally notified the Plaintiff of the Agreement.

"To prove notice, an employer must establish that [it] unequivocally notified the employee of the arbitration agreement."  *Id*.  (citing *In re Halliburton Co.*, 80 S.W.3d at 568). Courts have held that this standard is met when employees execute acknowledgement forms admitting to their receipt of the arbitration agreement (or a document containing the agreement), or referring employees to the arbitration agreement for further review. *Id*. (finding unequivocal notice when the employee handbook described the company's arbitration program in detail and plaintiff executed a handbook receipt form stating in part, "it is my responsibility to read and understand everything in this handbook. I agree to abide by its provisions ...."); *see also Johnson*, 2013 WL 12120460, at *3-4 (finding unequivocal notice when plaintiffs each signed compensations plans that made reference to the defendant's arbitration program for resolution of any and all work-related disputes, and then provided instructions for employees to access a complete copy of the program on the company's intranet); *In re Dallas Peterbilt, Ltd.*, 196 S.W.3d at 162-63, (finding unequivocal notice when plaintiff executed an acknowledgment form stating that the plaintiff had received, and carefully read, an attached summary of the company's arbitration agreement, over plaintiff's contention that he never received the summary, nor the actual arbitration agreement).

Here, Plaintiff's electronic signature authenticated by Adobe is proof of the unequivocal notice Plaintiff received of the Agreement. (Ex. 1) The acknowledgment provides a date and time

certain when Plaintiff acknowledged receipt of Amazon's Agreement, in-full, and agreed to be bound by the agreement. (*Id*.)

Plaintiff acknowledged her receipt and review of the Agreement and cannot simply decide to "later assert that [they] never received the [document] in an attempt to avoid arbitration." *Robertson*, 2018 WL 3130677, at *4 (analyzing *In re Dallas Peterbilt, Ltd.*, 196 S.W.3d at 163). Similarly, it would be inconsistent with Texas law for the Plaintiff to acknowledge her receipt of the agreement, and her understanding of its contents, and then deny having read the acknowledgment itself, or the agreement specifically referenced. *See*, *e.g.*, *Daily Instruments Corp. v. Heidt*, 998 F. Supp. 2d 553, 566 (S.D. Tex. 2014), *appeal dismissed* (Sept. 11, 2014) ("Texas law presumes a party has read and knows the terms of a contract that he has signed.")

### 2.     Plaintiff manifested her acceptance of the Agreement with her beginning employment with Amazon.

"[W]hen an employer notifies an at-will employee of an arbitration agreement and the employee continues to work after receiving notice, the at-will employee accepts the terms of the arbitration agreement as a matter of law—even if the employee does not sign the agreement." *Robertson*, 2018 WL 3130677, at *6 (citing *In re Dallas Peterbilt, Ltd.*, 196 S.W.3d at 163; *In re Dillard Dep't Stores, Inc.*, 198 S.W.3d at 780; *In re Halliburton*, 80 S.W.3d at 568–69); *see also May* v. *Higbee Co.*, 372 F.3d 757, 764 (5th Cir. 2004). By beginning to work for Amazon after receiving notice of the Agreement, Plaintiff accepted the terms of the agreement, including the mutual agreement to arbitrate these and other claims, as a matter of law. Thus, even if Plaintiff had not acknowledged the Agreement, which she did, Plaintiff still clearly manifested her assent through beginning employment. *See In re Dillard Dep't Stores,* 198

S. W.3d 778, 780-81 (Tex. 2006) (acceptance found when employee received, but did not sign, summary of arbitration policy and continued working). [3]

### 3. Plaintiff affirmatively and definitively accepted Amazon's Agreement via her electronic acknowledgment.

The Adobe Sign evidence establishes that Plaintiff clearly and definitively accepted the Agreement. (Stone Decl. ¶¶ 21-36; Wilson Decl. ¶¶ 7(a)-(o).) First, Plaintiff's electronic acknowledgment is valid and enforceable. Fifth Circuit law is well settled that "the requirement under the Federal Arbitration Act ('FAA') that an agreement be in writing does ***not*** require that the agreement contain a signature." *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 517 (W.D. Tex. 2015) (emphasis added); *see also Perez v. Lemarroy*, 592 F. Supp. 2d 924, 930 (S.D. Tex. 2008) (no signatures are necessary to bind parties to an arbitration agreement). The *Dyson* court specifically held that electronic signatures and verifications are valid as a matter of law, and pointed out that "[t]his reality is recognized in both the Federal Rules of Civil Procedure and [court] rules." *Id.* (citing the federal, Electronic Signatures in Global and National Commerce Act ("E–Sign Act") and the Texas Business & Commerce Code § 322.007(a), (d)); *see also* Fed. R. Civ. P. 5(d)(3) (permitting courts to "allow papers to be filed, signed, or verified by electronic means"); Local Rule 5.1 of the Local Rules of the United States District Court for the Southern District of Texas (allowing electronic signature).

Accordingly, Fifth Circuit and Texas courts routinely find electronic arbitration agreements between a plaintiff and an employer to be valid and enforceable. *See, e.g., Zorilla v. Uber Techs., Inc.*, No. 4:16-CV-615, 2017 WL 3278061, at *1, *7 (S.D. Tex. Mar. 16, 2017)

---

[3] *See also Hamed v. Fry's Elecs., Inc.*, No. 4:17-CV-00675, 2017 WL 6325611, at *3 (E.D. Tex. Dec. 11, 2017) ("Because the [a]greement was unconditionally signed by [p]laintiff and delivered to [d]efendant, and [d]efendant, moved forward with employing [p]laintiff, there is no doubt that it was properly executed, delivered, and acted upon as an agreement") (citing *Garcia v. Villareal*, 478 S.W.2d 830, 832 (Tex. App.—Corpus Christi 1971, no writ)).

(granting motion to dismiss due to arbitration of electronic arbitration agreement requiring users to log in with unique log in and password and click assent to arbitration); *Thick v. Dolgencorp of Tex., Inc.*, No. 4:16-CV-00733, 2017 WL 108297, at *2 (E.D. Tex. Jan. 11, 2017) (finding electronic arbitration agreement valid and enforceable containing plaintiff's electronic signature, where defendant provided evidence of the personal identifying information required to log into the system to sign the agreement, and finding plaintiff's argument unavailing that she did not recall signing the agreement); *Wheeler v. Dollar Tree Stores, Inc.*, No. 6:17-CV-00847, 2017 WL 6813258 (W.D. La. Dec. 14, 2017), *adopted*, No. CV 17-0847, 2018 WL 298785 (W.D. La. Jan. 4, 2018) (plaintiff affixed her signature on the valid and enforceable arbitration agreement by pressing a "click to sign" button, and then reentering her password, despite plaintiff's testimony she did not click the button and was required to use a computer in front of her manager); *see also Firstlight Fed. Credit Union v. Loya*, 478 S.W.3d 157, 168 (Tex. App.—El Paso 2015, no pet.) (employee assented to terms of arbitration agreement and was bound by agreement where she was notified electronically of the agreement and electronically acknowledged receipt of that notice and the agreement itself and continued working after receipt of the notice); *Momentis U.S. Corp. v. Weisfield*, 2014 WL 3700697, *4, (Tex. App.—Dallas [5th Dist.] 2005, no pet.) (by accessing online application, agreeing to its terms and then clicking "Sign & Submit" button, plaintiffs agreed to submit their claims to arbitration).[4]

---

[4] "It is well established under Texas law that assent through an affirmative 'click' is sufficient to bind the parties." *Yiru v. WorldVentures Holdings LLC*, No. 3:17-CV-02155-S, 2018 WL 4346158, at *3 (N.D. Tex. Sept. 11, 2018) (considering a consumer agreement) (citing *In re Online Travel Co.*, 953 F. Supp. 2d 713, 718-20 (N.D. Tex. 2013)); *Johnson v. AT & T Mobility, L.L.C.*, No. 4:09-CV-4104, 2010 WL 5342825, at *1 (S.D. Tex. Dec. 21, 2010) (enforcing arbitration agreement plaintiff, a consumer, entered into by signing store's electronic signature-capturing device to signify acceptance of the terms when he purchased a phone from the store and activated it for service on the network and subsequently entered into at least four more wireless agreements to arbitrate all disputes and claims).

**4.      The Agreement applies to all Defendants in this action**

The Plaintiff sued Amazon.com, Inc, Amazon.com Services, LLC and Amazon Logistics, Inc.  Frankly, only Amazon.com Services, LLC is a proper Defendant as her employer. However, the agreement provides as follows with regard to it application to related entities:

## 3.      Definitions.

a. "Company" includes Amazon.com Services, Inc. and any of its affiliates or associated entities, and all of their officers, directors, agents, franchisors, franchisees, successors, representatives, predecessors.

b. "Employee" means a person who is employed by Company and has a Covered Claim. "Claimant" shall mean an Employee or an Employee's spouse, children, parents, estate, successors and assigns.

These definitions along with paragraph 6(a)(iii) of the Agreement calls for Plaintiff to bring her claims against sister entities of her employer and supervisors or other agents in arbitration.  (Ex. 4, Appx A, Pg 1-2).  As such, the proper forum for the entirety of Plaintiff's suit is arbitration before the American Arbitration Association.

**VII.**
**CONCLUSION AND REQUEST FOR RELIEF**

For the foregoing reasons, Defendant requests that this Court compel Plaintiff to arbitrate her claims in accordance with the terms of the Agreement.  Defendant further request that this action be stayed pending the resolution of Plaintiff's claims through binding arbitration.

Respectfully Submitted:

/s/Warren T. McCollum
WARREN T. MCCOLLUM
Texas SBN:   24013127
FRED WILSON
Texas SBN:   00788687
FENLEY & BATE, L.L.P.
P.O. Box 450
Lufkin, Texas 75902-0450
TPN:   (936) 634-3346
FXN:   (936) 639-5874
TXSD Admission No.: 769985
Email: wmccollum@fenley-bate.com

ATTORNEY FOR DEFENDANT
**AMAZON.COM SERVICES LLC.**
**AMAZON LOGISTICS, INC**
**AMAZON.COM, INC**

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned conferred with Jonthan Sneed on August 18, 2023. Mr. Sneed advised that he was opposed to the Motion to Compel Arbitration as his client did not recall signing the arbitration acknowledgment.


/s/Warren T. McCollum
WARREN T. MCCOLLUM


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this the 17th day of October 2023, served a true and correct copy of the foregoing to:

Jonathan Sneed        ☐ By certified mail
State Bar No. 89994    ☐ By regular mail
800 Commerce St.     ☐ By overnight mail
Houston, Texas 77002   ☒ By Email
Email: jsneed@awtxlaw.com   ☐ By Facsimile
                               ☐ By Electronic Delivery


/s/Warren T. McCollum
WARREN T. MCCOLLUM

19