# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERI EDWARDS § | |
| § | |
| VS. § | CAUSE NO. 4:23-CV-2037 |
| § | |
| AMAZON.COM, INC; § | |
| AMAZON.COM SERVICES, LLC; § | |
| AND AMAZON LOGISTICS, INC. § | |

### DECLARATION OF DAVID COWEN

I, David Cowen, declare as follows:

1. I have personal knowledge of the facts set forth herein, except as to matters stated on information and belief, which I believe to be true. If called as a witness, I could and would testify competently to the facts set forth in this declaration.

2. I have a Bachelor of Science degree in Computer Science from the University of Texas at Dallas. I have more than twenty-five years of experience in the areas of integration, architecture, assessment, programming, forensic analysis and investigation. I currently hold the Certified Information Systems Security Professional and Certified Cybersecurity Forensic Professional certifications from (ISC)^2 as well as the GIAC Certified Forensic Examiner from the Global Information Assurance Certification. I have been trained in proper forensics practices by the High Tech Crime Investigators Association, ASR Data, SANS and Guidance Software among others. I have received seven awards in digital forensics from my research, writing and podcasts. I am an active contributor within the computer security community, including the High Technology Crime Investigators Association, where I frequently present and train on various forensic topics. I am also a past member of SWGDE, the Scientific Working Group on Digital Evidence. I have managed, created, and worked with multiple forensics/litigation support

1

teams and associated procedures. My experience spans a variety of environments ranging from high security military installations to large and small private sector companies. I am a co-author of *Hacking Exposed: Computer Forensics* (both the First Edition and the Second Edition) published by McGraw-Hill, and of the *Anti-Hacker Toolkit, 3rd Edition*, also published by McGraw-Hill. I am also the author of *Computer Forensics Infosec Pro Guide*, also published by McGraw-Hill. I am the lead author of SANS FOR509: Enterprise Cloud forensics and a SANS certified instructor. I am also a contributing author to the Cybercrime Investigation Body of Knowledge. My CV is attached as Exhibit A. My CV includes my Testimony List.

3. I have reviewed both Scott Greene's affidavits, the affidavit of Teri Renee Edwards, Jeff Cravalho and both Mark Brown II's affidavits. I've also had conversations with Rahul Deswal, a member of the team at Amazon that administers the MyDocs system that stored the signed documents at issue in this case. I have also had conversations with Jeff Cravalho.

4. I understand Plaintiff's sur-reply brief discusses the latitude and longitude coordinates provided by the IP address associated with the arbitration acknowledgment identifies a downtown Houston address rather than Ms. Edwards address in Friendswood. IP addresses are not assigned to specific users, especially with mobile carriers. The location of the IP address is usually only able to provide latitude and longitude coordinates where the provider operates. In short, IP addresses are not reliable without more information and access to proper tracking technology to identify the location of a specific user but it does show that the login is recorded as originating from that mobile carrier in the greater Houston area.

5. All of the accessed employment policies (Acknowledged Documents) and Adobe Signed Agreements (arbitration acknowledgment/arbitration agreement/SPD, confidentiality agreement and terms of employment) were stored on a server which was set to UTC time. In reading Mr. Greene's affidavit, the confusion relates to the terminology

2

on the Adobe properties which shows signing at 15:07 – 5. This terminology means a difference of five hours, it does not mean, as Mark Brown was told, the signing time was five hours later. What it does signify is that the time reflected on the server, set to UTC, would show a signing time five hours later.

6. My declaration of November 16, 2023 was not intended to reflect and does not reflect that the times on the server where the accessed employment policies and Adobe Signed Documents were stored were central time. Rather the military times reflected in my declaration are central time and the non-military times are UTC.

7. My opinion remains that there is strong evidence both metadata and surrounding circumstances to conclude the Ms. Edwards electronically signed the arbitration acknowledgment, confidentiality agreement and terms of employment on April 16, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 24th day of March 2024, at Richardson, Texas.

DocuSigned by:
0ADD6F94A5DE41F...

DAVID COWEN

3